UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLYDE ERNEST HARPER,

                Plaintiff,

       -against-

STATE OF NEBRASKA; STATE OF IOWA,

                Defendants.

24-CV-01726 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is incarcerated in the Omaha Correctional Facility in Omaha, Nebraska and proceeds *pro se*, brings this complaint under 42 U.S.C. § 1983, alleging that state officials are violating his federally protected rights. For the following reasons, this action is transferred to the United States District Court for the District of Nebraska.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff sues the State of Nebraska and the State of Iowa, seeking his "liberty and monetary payments for false imprisonment 1999 – 2024." (ECF 1 ¶ IV.) Plaintiff is currently

incarcerated in Nebraska, and it appears that Plaintiff filed his complaint in this court because "NE does not respect civil or constitutional rights." (*Id.* ¶ VII(b)(7).) The complaint does not contain any facts regarding events occurring in Iowa.

Plaintiff's allegations suggest that his claims arose outside this district, and that venue thus does not lie in this district under Section 1391(b)(2). The facts alleged also do not suggest that venue is proper in this district under Section 1391(b)(1) based on the residence of any other defendant whom Plaintiff may intend to sue in connection with his allegedly unlawful imprisonment.

Even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer appears to be appropriate in this case. Venue does not appear to lie in this district under Section 1391(b). The underlying events occurred in Nebraska, where all parties are located and where it is reasonable to expect that all relevant documents and witnesses also would be located. Accordingly, the Court transfers this action to the United States District Court for the District of Nebraska. 28 U.S.C. §§ 1404(a), 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Nebraska. 28 U.S.C. §§ 1404(a), 1406. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 14, 2024
         New York, New York

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                          Chief United States District Judge